## FRED E. McKENNEY *vs.* A. FALKNER McKENNEY.

Cumberland County. Decided December 17, 1921. This is an action of deceit, which is before us on general motion for a new trial. In 1915 or 1916 the plaintiff employed the defendant as his agent to sell for him certain real estate upon an agreed commission of two hundred and fifty dollars; the price at first fixed was $8,000; there is evidence, however, tending to show that in March, 1919, the plaintiff told the defendant that the property had advanced in value and that he ought to get more for it, to which the defendant replied, that he was going to . . . . was asking more for it.

The plaintiff alleges that in August, 1919 the defendant represented to him that he had secured a customer in the person of one Mathis who would pay $8,000 for the property and that he, the defendant, could not get any more; that relying upon said statement, the plaintiff sold and conveyed said property for said sum of $8,000; that the statement was false, and known to the defendant to be false, and that in fact the defendant did procure a purchaser in the person of Mathis, who was willing to pay $8,500. It is undisputed that the plaintiff conveyed the property to the defendant for $8,000, and on the same day the defendant conveyed to Mathis for $8,500, the deed to Mathis being delivered before the defendant had received a deed from the plaintiff.

The defendant contends that he made no false statement to the plaintiff; that he told him that he had found a purchaser in the person of one Ward, who would give $8,000 and no more; that this was the truth; that Ward a few days later sold the property to Mathis for $8,500.

This brief statement states concisely the issue between the parties. In a very clear charge, in which the elements of an action of deceit, and the legal relation and duties of an agent towards his principal were fully explained, the presiding Justice directed the attention of the jury to the issue in the following language: "What was the statement which Falkner McKenney brought back to Fred McKenney about a customer? What did he tell him? Did he tell him falsely that he had got a customer who would only pay eight thousand when he had a customer who would pay eighty five hundred? Or did he

tell him truly that he had a customer, Ward, who would pay eight thousand, and that was the fact?" He directed their attention to this issue more than once. No exceptions are taken to the charge.

The issue so presented the jury found in favor of the plaintiff.

A careful examination of the record does not disclose any grounds for setting aside the verdict on account of bias, prejudice, passion or sympathy. The result rested solely on the credibility of the witnesses; the plaintiff was the only witness in his behalf; the defendant also testified, and was given wide latitude in introducing evidence of attendant facts, which he claims support his defense. Yet the jury found for the plaintiff.

To state the case most favorably for the defendant, it is a case where intelligent, fair-minded and conscientious men may reasonably differ. *Munroe* v. *Hampden*, 95 Maine, 111. We cannot say that there is a moral certainty of error. *Smith* v. *Brunswick*, 80 Maine, 192; or that the verdict is clearly and unmistakably wrong. *McNerney* v. *East Livermore*, 83 Maine, 449. The defendant does not press his motion upon the ground that the damages are excessive. Motion overruled. *Samuel L. Bates*, for plaintiff. *E. P. Spinney, Elias Smith and William A. Connellan*, for defendant.